UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER NATHANIEL WASHINGTON, | No. 2:20-cv-2261 AC |
| Plaintiff, | |
| v. | ORDER |
| RALPH DIAZ, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.        Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2   § 1915(b)(2).

3       II.      Statutory Screening of Prisoner Complaints

4          The court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

7   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

8   monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

9          A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

12  theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

13  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

14  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

15  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

16  Franklin, 745 F.2d at 1227-28 (citations omitted).

17         "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

18  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

19  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

20  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

22  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

23  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

24  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

25  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

26  speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain

27  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

28  ////

2

1  cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2  R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

3      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

4  relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

5  Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

6  content that allows the court to draw the reasonable inference that the defendant is liable for the

7  misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

8  standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

9  Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

10  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

11  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

12      III.    Complaint

13      The complaint names as defendants the state Director of Corrections and five officials of

14  Mule Creek State Prison ("MCSP"), including the warden and two appeals coordinators.  The

15  gravamen of the complaint is plaintiff's contention that defendants endangered his safety and

16  wrongfully denied his inmate appeals in relation for his settlement of another case against

17  corrections officials.  ECF No. 1.

18      Plaintiff alleges that he settled Washington v. Young, Case No. 2:16-cv-1341 (E.D. Cal.)

19  on October 31, 2019, and that within the next two weeks defendant Correctional Officer Emerson

20  told him, "I heard about your settlement.  I don't like you because you snitched on staff and

21  because you're a sex offender."  On December 31, 2019, Emerson and defendant Correctional

22  Officer Codes endangered plaintiff's life by calling him a snitch and a sex offender in front of

23  other inmates and stating that they would turn their backs should anything happen to plaintiff.  As

24  a result, plaintiff was assaulted by other inmates on January 10, 2020.  Id. at 2-3.

25      Plaintiff filed 602s (inmate grievances) that asserted Emerson and Codes were responsible

26  for the assault.  These were arbitrarily rejected.  The exhibits to the complaint indicate that

27  defendants Casillas and Meza were assigned to review and process plaintiff's two appeals.  See

28  id. at 24, 29, 30.  There are no specific allegations regarding either defendant's conduct.  Plaintiff

3

alleges "on information and belief" that the rejections were in retaliation for the settlement of his previous case.  ECF No. 1 at 2.

IV.     Claims for Which a Response Will Be Required

Plaintiff's allegations state both an Eighth Amendment failure to protect claim and a First Amendment retaliation claim against defendants Emerson and Codes.

Prison officials have an obligation to protect prisoners from injury by other prisoners. Farmer v. Brennan, 511 U.S. 825, 833-34 (1994).  The Eighth Amendment is only violated, however, when a defendant acts with a sufficiently culpable state of mind.  See Wilson v. Seiter, 501 U.S. 294, 297 (1991).  Accordingly, to state an Eighth Amendment claim for failure to protect, a plaintiff must plead facts demonstrating that the defendants knew of and disregarded an excessive risk to his safety.  Farmer, 511 U.S. at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.  This is the standard for deliberate indifference.

The facts alleged against Officers Emerson and Codes are adequate to state a claim for deliberate indifference to plaintiff's safety.  The statements allegedly made by Emerson to plaintiff, and by Emerson and Codes to other inmates, demonstrate both a culpable state of mind and responsibility for creating the danger to plaintiff.  Defendants' motivation for creating or deliberately ignoring the danger (allegedly retaliation for the settlement) are not an element of this Eighth Amendment claim.

Motivation is key, however, to the independent claim that Emerson and Codes retaliated against plaintiff for bringing and settling another case against corrections officials.  To state a viable claim of First Amendment retaliation, a prison inmate must plead facts showing that (1) a state actor took some adverse action against the inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (fn. and citations omitted).  Allegation of a concrete harm from the retaliatory conduct will satisfy the "chilling" requirement.  Id. at 568, n.11.  Plaintiff's allegations against Officers Emerson and Codes support all elements of a retaliation claim:

4

1    defendants are alleged to have encouraged an assault on plaintiff because of their stated hostility

2    to plaintiff's previous exercise of his First Amendment right to litigate.  Retaliatory intent—the

3    causal link between plaintiff's protected conduct and defendants' adverse actions—is established

4    by the alleged statements the defendants made about plaintiff's prior case and "snitching."

5            Defendants Emerson and Codes will be required to respond to the complaint.

6       V.       Failure to State a Claim

7            A.  Retaliatory denials of 602s

8            Plaintiff has not stated a claim for relief based on the "arbitrary" denials of his inmate

9    appeals.  The conclusory allegation that the denials were based on plaintiff's prior litigation and

10   settlement history is insufficient to support a claim.  See Ivey v. Bd. of Regents, 673 F.2d 266,

11   268 (9th Cir. 1982) (conclusory allegations insufficient to state a claim).  To proceed on this

12   claim, plaintiff must allege specific facts showing that Casilla and/or Meza denied a 602 *because*

13   *of* the settlement in Washington v. Young.  See Rhodes, 408 F.3d at 567-68 (elements of

14   retaliation claim); see also Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (liability under

15   1983 limited to defendant's own conduct).  No factual allegations support plaintiff's speculation

16   that the responses to his 602s were motivated by the appeals coordinators' hostility to plaintiff's

17   previous settlement.

18           The wrongful denial of an inmate appeal, outside the context of a First Amendment

19   retaliation claim, does not violate an inmate's constitutional rights and therefore does not support

20   a claim under § 1983.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v.

21   Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Buckley v. Barlow, 997 F.2d 494, 495 (8th

22   Cir. 1993).

23           B.  Supervisory liability

24           Section 1983 does not support liability on a theory of *respondeat superior* (meaning a

25   superior is responsible for acts of his subordinates).  See Iqbal, 556 U.S at 676.  Only those

26   people whose own acts and omissions cause a constitutional violation are proper defendants.

27   Johnson, 588 F.2d 740, 743.  This principle limits the liability of supervisory officials to

28   supervisory actions that are themselves unconstitutional or cause a violation of plaintiff's rights.

1    Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).  In short, the Director of CDCR and the

2    Warden of MCSP can only be sued for things that they did to plaintiff themselves.  The complaint

3    contains no factual allegations about the conduct of the Director or the Warden.  Plaintiff merely

4    alleges that they are responsible by virtue of their positions for what happens in the prison.  ECF

5    No. 1 at 1-2.  This is insufficient to support liability in a § 1983 case.  Iqbal, 556 U.S at 676.

6    To proceed against these defendants, plaintiff must be able to truthfully allege that these

7    individuals did or failed to do something that they knew endangered plaintiff's life (Eighth

8    Amendment claim), and/or that they themselves took adverse action against plaintiff because of

9    the prior settlement (First Amendment claim).

10        VI.    Leave to Amend

11        For the reasons set forth above, the court finds that the complaint does not state

12   cognizable claims against defendants Diaz, Covello, Meza, or Casilla.  However, it is possible

13   that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to

14   amend the complaint if he desires.

15        Plaintiff may proceed forthwith to serve defendants Emerson and Codes on his claims that

16   they endangered/failed to protect him in violation of his Eight Amendment rights and that they

17   retaliated against him for the exercise of his First Amendment rights, or he may delay serving any

18   defendant and amend the complaint.

19        Plaintiff will be required to complete and return the attached notice advising the court how

20   he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

21   file an amended complaint.  If plaintiff elects to proceed on his claims against defendants

22   Emerson and Codes without amending the complaint, the court will proceed to serve the

23   complaint.  A decision to go forward without amending the complaint will be considered a

24   voluntarily dismissal without prejudice of defendants Diaz, Covello, Meza, or Casilla.

25        If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions

26   about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode,

27   423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named

28   defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

1    There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

2    connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

3    588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

4    participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

5    268 (9th Cir. 1982) (citations omitted).

6         Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

7    his amended complaint complete.  Local Rule 220 requires that an amended complaint be

8    complete in itself without reference to any prior pleading.  This is because, as a general rule, an

9    amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

10   1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

11   Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

12   in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,

13   the original complaint no longer serves any function in the case.  Therefore, in an amended

14   complaint, as in an original complaint, each claim and the involvement of each defendant must be

15   sufficiently alleged.

16        VII.    Plaintiff's Motion for Summary Judgment

17        Plaintiff has filed a motion for summary judgment.  ECF No. 8.  Dispositive motions are

18   not appropriate until after a complaint has been served and defendants have appeared.  This case

19   is still at the screening stage.  Accordingly, the summary judgment motion will be vacated.  To

20   the extent that plaintiff sought to move his case forward, the complaint has now been screened

21   and he has been provided the options to amend or to proceed with those claims that have been

22   found suitable for service.

23        VIII.   Plain Language Summary of this Order for a Pro Se Litigant

24        Your request to proceed in forma pauperis is granted and you are not required to pay the

25   entire filing fee immediately.

26        Some of the allegations in the complaint state claims against the defendants and some do

27   not.  You have stated claims for relief against Officer Emerson and Codes on grounds that they

28   (1) endangered/failed to protect you in violation of your Eighth Amendment rights, and (2)

7

1    retaliated against you for bringing and settling a previous case, in violation of your First

2    Amendment rights.

3        You have not stated a claim against any other defendant.  The officers who denied your

4    appeals can only be liable for retaliation if you can provide facts showing that they were

5    motivated by knowledge of your settlement.  The Warden and the Director of CDCR can't be

6    liable for failure to protect you unless they knew that you were being set up for an assault and did

7    not take action because they did not care about your safety.  They cannot be liable for retaliation

8    unless they took adverse actions and were themselves motivated by knowledge of your

9    settlement.  Neither of them can be sued for the actions of people they supervise, just because

10   they are in charge of the institution.

11       You have a choice to make.  You may either (1) proceed immediately on your Eight

12   Amendment and First Amendment claims against Officers Emerson and Codes, and voluntarily

13   dismiss the other defendants or (2) try to amend the complaint.  If you want to go forward without

14   amending the complaint, you will be voluntarily dismissing without prejudice your claims against

15   defendants Diaz, Covello, Meza, or Casilla.  If you choose to amend your complaint, the amended

16   complaint must include all of the claims you want to make, including the ones that have already

17   been found to state a claim, because the court will not look at the claims or information in the

18   original complaint.  **Any claims not in the amended complaint will not be considered.**  You

19   must complete the attached notification showing what you want to do and return it to the court.

20   Once the court receives the notice, it will issue an order telling you what you need to do next (i.e.

21   file an amended complaint or wait for defendants to be served).

22       Your motion for summary judgment is being vacated because motions cannot be

23   considered before defendants have been served and appeared in the lawsuit.  The court will set a

24   schedule for this case, including information about bringing motions, after the case moves beyond

25   the screening stage.

26                                    CONCLUSION

27       In accordance with the above, IT IS HEREBY ORDERED that:

28       1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

8

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims against defendants Diaz, Covello, Meza, or Casilla do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his First Amendment retaliation and Eighth Amendment endangerment/failure to protect claims against defendants Emerson and Codes as set forth in Section IV above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the claims against defendants Diaz, Covello, Meza, or Casilla.

6. Plaintiff's motion for summary judgment, ECF No. 8, is VACATED.

DATED: December 27, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

9

1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  CHRISTOPHER NATHANIEL                    No.  2:20-cv-2081 AC
    WASHINGTON,
12
                    Plaintiff,
13                                           PLAINTIFF'S NOTICE ON HOW TO
                                             PROCEED
14         v.

    RALPH DIAZ, et al.,
15
                    Defendants.
16

17
           Check one:
18
    _____  Plaintiff wants to proceed immediately on his First Amendment retaliation and Eighth
19
           Amendment endangerment/failure to protect claims against defendants Emerson and
20
           Codes, without amending the complaint.  Plaintiff understands that by going forward
21
           without amending the complaint he is voluntarily dismissing without prejudice his claims
22
           against defendants Diaz, Covello, Meza, or Casilla.
23
    _____  Plaintiff wants to amend the complaint.
24

25
    DATED:_____
26
                                         _____
27                                       CHRISTOPHER NATHANIEL WASHINGTON
                                         Plaintiff pro se
28

                                          1