UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER NATHANIEL WASHINGTON, | No. 2:20-cv-2261 AC P |
| Plaintiff, | |
| v. | ORDER |
| RALPH DIAZ, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this court are (1) plaintiff's objections and motion to strike the affirmative defenses raised by defendants and (2) plaintiff's motion to amend the complaint. ECF Nos. 27, 28.  For the reasons stated below, both motions will be denied as premature.

I. MOTION TO STRIKE

Plaintiff's motion to strike appears to stem from statements made by defendants to plaintiff during their court-ordered meet and confer discussions.  See generally ECF No. 24.[1]  It

---

[1] This case was previously stayed and referred to the Post-Screening ADR Project. ECF No. 24. Following the mandatory meet and confer process, defendants opted out of ADR pursuant to the terms of the Project. ECF Nos. 25, 26.

1

appears that during that meeting, defense counsel told plaintiff that his claims had not been exhausted.  See ECF No. 27.  In response, plaintiff argues in the motion that the burden rests with defendants to establish this and that they have not.  See id. at 1-2.  Specifically, plaintiff claims that defendants have failed support their argument that plaintiff failed to exhaust and/or that he had the ability to do so.  See id. at 2.

This motion must be denied as premature.  During the meet and confer that took place under the ADR Pilot Program, defendants were not required to provide support for their belief that plaintiff has failed to exhaust his administrative remedies.  More fundamentally, no defenses have been pleaded as the deadline for defendants to respond to the complaint has not yet passed.  See ECF No. 26 (giving defendants twenty-one days from June 1, 2022, to file a response to the complaint).  Accordingly, there is nothing to strike.  Plaintiff's motion to strike must be denied as premature.

II.     MOTION TO AMEND

Plaintiff's motion to amend the complaint asks that he be permitted to amend in order to add a defendant who has previously been dismissed from this matter without prejudice.  ECF No. 28 at 1.  The motion is not accompanied by a proposed amended complaint, nor does it identify the defendant to be added or state what claims plaintiff would raise were he to be permitted to amend.  In any event, this motion is premature because defendants still have time to file their response to the complaint.  See Fed. R. Civ. P. 15(a)(1)(B) (pleading may be amended within twenty-one days after service of responsive pleading).

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to strike defendants' affirmative defense (ECF No. 27) is DENIED as premature, and

2.  Plaintiff's motion to amend the complaint (ECF No. 28) is DENIED as premature.

DATED: June 13, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE