UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER NATHANIEL WASHINGTON,<br><br>         Plaintiff,<br><br>   v.<br><br>RALPH DIAZ, et al.,<br><br>         Defendants. | No. 2:20-cv-2261 AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the court is plaintiff's motion for an extension of time to file a response to defendants' answer. ECF No. 33. The motion also seems to request permission to file an amended complaint. ECF No. 33-1 at 2-3. For the reasons stated below, the motion will be granted in part and denied in part. Plaintiff will be granted leave to amend the complaint, and the current discovery and scheduling order will be vacated.

I.    BACKGROUND

On May 26, 2022, defendants filed a motion to opt out of the court's Alternative Dispute Resolution Pilot Program, and on June 1, 2022, that motion was granted. ECF Nos. 25, 26. At

1

that time, defendants were directed to file a response to plaintiff's complaint and to do so within twenty-one days.  ECF No. 26 at 2.

On June 8, 2022, plaintiff filed a motion to file an amended complaint.  ECF No. 28.  However, because defendants had not yet served a response to plaintiff's original complaint and time remained for them to do so, on June 14, 2022, the court denied plaintiff's motion pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).  See ECF No. 29 at 2.  On June 21, 2022, defendants filed an answer to plaintiff's complaint.  ECF No. 30.  Thereafter, on June 29, 2022, the court's discovery and scheduling order issued.  ECF No. 31.

Plaintiff filed the instant motion on July 11, 2022.  ECF No. 33.  The motion does not clearly specify the relief sought.[1]  In one part of the motion, plaintiff asks for an extension of time so that he can respond to defendants' answer; he explains that around the time he received the answer, he was being transferred to a different prison.  Id. at 1-2.  Elsewhere plaintiff states that he is seeking "postponement of the original 21[-]day deadline to amend his complaint."  ECF No. 33-1 at 2.  He also asks for at least five to seven days "past the set 21 days" so that he may "also offer proof of his claims of showing the reasons why administrative remedies were denied to him [and] ultimately unavailable."  Id.

II.   REQUEST FOR EXTENTION OF TIME

To the extent plaintiff seeks additional time to reply to the answer, the motion will be denied.  The pleadings allowed under the Federal Rules of Civil Procedure are limited to complaints and answers; replies to answers are permitted only if ordered by the court.  Rule 7(a), Fed. R. Civ. P.  The court has not ordered a reply in this case, and a reply does not appear to be necessary or appropriate.  Because there is no deadline to extend and no reply to be filed, the request for extended time must be denied.

Plaintiff is informed that a reply to the answer is not necessary in order to allege facts or present evidence related to administrative exhaustion.  Should defendants bring a motion

////

---

[1] Local Rule 6-144 to which plaintiff repeatedly cites (see ECF No. 33 at 1-2), is not a rule of this district.

2

regarding exhaustion in the future, there will be a full opportunity for briefing and presentation of relevant documentary evidence.

### III. LEAVE TO AMEND

The court construes the motion at ECF No. 33 to include a motion for leave to amend the complaint.[2] So construed, the motion was filed within the time permitted by Federal Rule of Civil Procedure 15(a)(1)(B). Accordingly, plaintiff may amend as a matter of course. The current discovery and scheduling order will be vacated, and a new scheduling order will issue at a later date if need be.

Plaintiff will be given thirty days to file the anticipated amended complaint. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). When amending the complaint, plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. It must include all claims and requests for relief that plaintiff wishes to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) (amended complaint supersedes original, the latter being treated thereafter as non-existent); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). **In other words, any claims not in the amended**

---

[2] This court is obligated to liberally construe the pleadings of pro se litigants. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating pro se documents are to be liberally construed); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating pro se pleadings are held to less stringent standard than those drafted by lawyers).

**complaint will not be considered.**[3] In the amended complaint, if plaintiff includes the same claims and requests for relief which the court has already determined are not viable, he can expect that the court will recommend that they be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time and motion to amend filed July 11, 2022 (ECF No. 33), is DENIED IN PART and GRANTED IN PART as follows:

   a. DENIED IN PART to the extent that it asks for an extension of time to file a response to defendants' answer, and

   b. GRANTED IN PART to the extent it asks to amend the complaint;

2. The Clerk of Court shall send plaintiff a copy of the court's Civil Rights Complaint By a Prisoner;

3. Within thirty days of the date of this order, plaintiff shall file a first amended complaint on the form provided by the court. Plaintiff must fill out the form in its entirety, and

4. The discovery and scheduling order issued June 29, 2022 (ECF No. 31), is VACATED. A new scheduling order will issue at a later date, if need be.

DATED: July 20, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3] However, after plaintiff amends the complaint, the court will direct the Clerk of Court to attach the exhibits that were filed with plaintiff's original complaint to the amended complaint.