UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER NATHANIEL WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RALPH DIAZ, et al.,<br><br>　　　　Defendants. | No. 2:20-cv-2261 AC P<br><br><br>ORDER |

Before this court are plaintiff's motion for leave to submit pretrial statements (ECF No. 35) and plaintiff's request for a jury trial (ECF No. 37). Defendants have filed an opposition to plaintiff's motion for leave to submit pretrial statements. ECF No. 36. For the reasons stated below, both motions will be denied.

I.　　MOTION TO SUBMIT PRETRIAL STATEMENTS

On July 20, 2022, the court granted plaintiff leave to file a first amended complaint within thirty days.[1] ECF No. 34 at 4. That thirty-day period has not yet expired. Because this case remains at the pleading stage, pretrial motions are premature. Moreover, pretrial statements will not be appropriate unless and until ordered by the court following the close of discovery and resolution of any dispositive motions.

---

[1] In so doing, the court also vacated the discovery and scheduling order that had issued. ECF Nos. 31, 34 at 4.

1

II.   MOTION FOR JURY TRIAL

As for plaintiff's motion for a jury trial, although the document filed is titled "Demand for a Jury Trial," its primary content is a brief narrative about harassment, physical attacks, and injury plaintiff is experiencing due to his settlement of a different case he filed in this court. See ECF No. 37 (plaintiff referencing Washington v. Young, No. 2:16-cv-1341 JAM DB P). The motion also asks for damages for the incidents. Id. at 2.

Plaintiff is informed that the court is unable to address matters related to other cases. If, however, plaintiff's motion was intended to be a first amended complaint,[2] it is woefully insufficient given that: (1) it is not filed on the complaint form that was sent to plaintiff (see ECF No. 34 at 4), and (2) it does not address and remedy the deficiencies in the original complaint that were clearly identified in the screening order (see generally ECF No. 34) (screening order). For these reasons, the motion will be denied.

Plaintiff is further informed that no motion for a jury trial is required. A jury trial will be scheduled in due course, if and when the case proceeds to the trial setting stage. This case is presently at the pleading stage. If plaintiff submits an amended complaint that states viable claims for relief, defendants will be required to answer. A period for discovery will follow, and then dispositive motions will be entertained. Trial setting comes after all of those stages of pretrial litigation.

In an abundance of caution, the Clerk of Court will be directed to send plaintiff a new complaint form. Plaintiff is reminded that the first amended complaint that he files must be on that form, and the form must be filled out in its entirety. See ECF No. 34 at 4 (court's reminder of same).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a pretrial statement (ECF No. 35) is DENIED as premature;

---

[2] The court suspects that the motion for a jury trial may be intended as plaintiff's first amended complaint because the initial complaint also included allegations that plaintiff was being harassed and attacked for having settled a previous case. Compare ECF No. 1 at 2, with ECF No. 37 at 1 (both filings referencing problems stemming from having settled Washington v. Young, No. 2:16-cv-1341 JAM DB P).

2. Plaintiff's motion for a jury trial (ECF No. 37) is DENIED; and

3. The Clerk of Court is directed to send plaintiff a second copy of the court's Civil Rights Complaint by a Prisoner.

DATED: August 3, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE