1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHRISTOPHER NATHANIEL                 No.  2:20-cv-2261 AC P
      WASHINGTON,
12
                         Plaintiff,
13                                          ORDER
            v.
14
      RALPH DIAZ, et al.,
15
                         Defendants.
16

17

18          Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief under 42

19    U.S.C. § 1983.  This order addresses defendants' notice regarding plaintiff's withdrawal of all

20    claims against them (ECF No. 44) as well as plaintiff's motion to strike (ECF No. 48).  For the

21    reasons stated below, plaintiff will be given a final opportunity to file an amended complaint, and

22    plaintiff's motion to strike will be denied.

23          I.     BACKGROUND

24          On December 28, 2021, the court screened plaintiff's complaint and gave him the

25    opportunity to either (1) proceed solely on the First and Eighth Amendment claims against

26    defendants Emerson and Coder or (2) amend the complaint.  ECF No. 9 at 4-6, 9-10 (screening

27    order).  Plaintiff opted to proceed on the claims against defendants Emerson and Coder,

28    dismissing all other claims and defendants.  ECF No. 12 (notice on how to proceed).  The

                                                 1

1   complaint was therefore served on Emerson and Coder only, and the docket was updated to

2   reflect the termination of other defendants including T. Meza.  ECF Nos. 13, 17.

3         After defendants Emerson and Coder answered, the court responded to a motion from

4   plaintiff seeking in effect to supplement the pleadings by granting leave to amend the complaint.

5   ECF No. 34.  A first amended complaint ("FAC") was docketed on August 5, 2022.  ECF No. 40.

6   It presents claims against T. Meza only.  Id.  On August 11, 2022, defendants Emerson and Coder

7   filed a notice of withdrawal of all claims against them, which asks that they be terminated in light

8   of plaintiff's apparent abandonment of his claims against them.  ECF No. 44.  In response,

9   plaintiff has filed "objections" to defendants' notice; the instant motion to strike the notice; and a

10  second amended complaint ("SAC").  ECF Nos. 46, 48, 49.  The SAC was not authorized by the

11  court and will be stricken.[1]  The First Amended Complaint, ECF No. 40, remains the operative

12  complaint.

13        Defendants have filed a reply in support of their notice of withdrawal (ECF No. 47), and

14  plaintiff has filed an "opposition" to defendants' reply (ECF No. 50).

15        II.    DISCUSSION

16        In their notice of withdrawal, defendants Emerson and Coder argue that because the FAC

17  names only appeals coordinator T. Meza as a defendant, the claims against them have been

18  waived and the court should dismiss them from the action as an administrative matter.  See ECF

19  No. 44.  Defendants are correct that an amended complaint supersedes the original pleading.  See

20  Lacey v. Maricopa County, 693 F.3d 896, 925 (9th Cir. 2012); see also Rhodes v. Robinson, 621

21  F.3d 1002, 1005 (9th Cir. 2010).  The FAC states no claims against Emerson and Coder despite

22  the court's previous ruling that the initial complaint had stated cognizable claims against them.

23        Although plaintiff's abandonment of his claims against Emerson and Coder would indeed

24  require their termination as defendants, it is not clear to the court that plaintiff intends to abandon

25  those claims that have already been served and answered.  Plaintiff's motion to strike, ECF No.

26  48, indicates that plaintiff wishes the court to consider his pleadings in combination.  That is not

27

28  [1]  Like the FAC, the SAC contains claims against T. Meza only.

2

1  permissible, but in light of plaintiff's pro se status he will be granted a final opportunity to file an

2  amended complaint that includes all of the claims and defendants that he wishes to pursue in this

3  case.  See Fed. R. Civ. P. 8(e); Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404

4  U.S. 519, 520 (1972).

5       Plaintiff has not provided any legal basis for striking defendants' notice, under Rule 12(f)

6  of the Federal Rules of Civil Procedure or otherwise, and that notice made a perfectly valid point.

7  Accordingly, the motion to strike will be denied.  However, instead of terminating defendants

8  Emerson and Coder at this time, **plaintiff will be directed to file a Second Amended Complaint**

9  **that includes all claims against all defendants that he wishes to pursue**.

10       Plaintiff is informed that if his Second Amended Complaint does not include the claims

11  against defendants Emerson and Coder that were previously found adequate for service, those

12  claims will be deemed voluntarily dismissed and Emerson and Coder will be terminated as

13  parties.  If plaintiff adds additional claims and defendants in an SAC, he should consider the

14  issues that were addressed in the order screening his original complaint.  See ECF No. 9.  Also, if

15  plaintiff fails to file an SAC by the deadline, the undersigned will administratively terminate

16  Emerson and Coder as defendants and screen the claim against T. Meza presented in the FAC.

17       III.   LEAVE TO AMEND

18       If plaintiff chooses to file a second amended complaint, he must demonstrate how the

19  conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo

20  v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how

21  each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th

22  Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

23  or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

24  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

25  participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

26  268 (9th Cir. 1982) (citations omitted).

27       The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

28  1119, 1125 (9th Cir. 2002).  Claims must be set forth in short and plain terms, simply, concisely

1    and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  Each claim must

2    identify the defendants against which it is brought; individuals against whom no claim is brought

3    should not be named as defendants.  The facts intended to support each claim should be set forth

4    under the heading of that claim and should be limited to the facts that are alleged to give rise to

5    liability.  Plaintiff is cautioned that detailed narratives defeat the purpose of stating a claim.  See

6    McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) (complaints should not contain

7    preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence,

8    attempts to negate possible defenses, summaries, and the like).   In sum, the court should be able

9    to read and understand plaintiff's pleading within minutes.  Id. at 1177.

10       **Plaintiff is also informed that the court cannot refer to a prior pleading in order to**

11   **make his second amended complaint complete.  Local Rule 220 requires that an amended**

12   **complaint be complete in itself without reference to any prior pleading.**  This is because, as a

13   general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d

14   55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey, 693 F.3d at 925.  **Once**

15   **plaintiff files a second amended complaint, previous complaints no longer serve any**

16   **function in the case.  Therefore, in an amended complaint, as in an original complaint, each**

17   **claim and the involvement of each defendant must be sufficiently alleged.**

18       VI.   PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

19       The notice of withdrawal that defendants Emerson and Coder filed simply asks the court

20   to formally recognize that your First Amended Complaint names only T. Meza as a defendant and

21   not them.  Because any amended complaint must contain *all* claims against *all* defendants, the

22   First Amended Complaint amounts to an abandonment of your claims against Emerson and

23   Coder.  Because this may not have been what you meant to do, you are being given an

24   opportunity to file a Second Amended Complaint.

25       When you file your Second Amended Complaint, it must include *all* the claims you want

26   to pursue against *all* defendants, including the claims that Emerson and Coder have already

27   answered.  The court cannot look back at any of the past complaints you have filed and pull the

28   viable claims from them to make a new complaint.  It is your responsibility to state all your

1  claims in **one** document.  If your claims against defendants Emerson and Coder are not included

2  in the amended complaint that you file, that will mean that you have abandoned those claims and

3  Emerson and Coder will be dismissed from this action.

4  CONCLUSION

5      Accordingly, IT IS HEREBY ORDERED that:

6      1.  The Second Amended Complaint at ECF No. 49 is STRICKEN.

7      2.  Plaintiff's motion to strike defendant's notice, ECF No. 48, is DENIED.

8      3.  The Clerk of Court shall send plaintiff a copy of the court's Civil Rights Complaint by

9  a Prisoner form.  If plaintiff chooses to amend the complaint, it must be filed on this form.

10     4.  Within thirty days from the date of this order, plaintiff shall file a Second Amended

11 Complaint that includes all claims against all defendants.  Any claims not included in a Second

12 Amended Complaint may not be pursued.  Should plaintiff fail to file a Second Amended

13 Complaint within the time provided, his claims against defendants Emerson and Coder will be

14 deemed abandoned and the undersigned will screen the First Amended Complaint, ECF No. 40.

15 DATED: October 19, 2022

16

17 ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28