UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER NATHANIEL WASHINGTON, | No. 2:20-cv-2261 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| RALPH DIAZ, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Defendants have been served, and plaintiff has been given the opportunity to file an amended complaint. ECF Nos. 13, 51, respectively.

Before the court are plaintiff's motion to file a third amended complaint ("TAC") and his subsequently filed TAC and fourth amended complaint ("FAC"). ECF Nos. 52-54, respectively. Defendants have filed a motion to screen the TAC and strike the FAC, and plaintiff has filed a motion to submit objections to defendants' motion. ECF Nos. 55, 60, respectively. In addition, plaintiff has filed several miscellaneous summary judgment related motions. ECF Nos. 64, 66, 72-74.

1

For the reasons stated below, the undersigned will screen plaintiff's FAC and deny defendants' motion to strike it, rendering moot plaintiff's motion for leave to file a TAC and his motion to submit objections to defendants' motion to strike the FAC. In addition, plaintiff's miscellaneous summary judgment related motions will all be denied as premature. Finally, the undersigned will recommend that defendant T. Meza and the claims against him be dismissed from this action, and that plaintiff be ordered to proceed on the remaining claims in the FAC against defendants Emerson and Codes as they have been identified and screened herein.

I.   RELEVANT PROCEDURAL HISTORY

In December 2021, the complaint was screened and the court determined that plaintiff had stated cognizable First and Eighth Amendment retaliation and failure to protect claims against defendants Emerson and Coder. ECF No. 9 at 4-5. The complaint was served, and in May 2022, defendants filed a motion to opt out of the court's ADR Project. ECF Nos. 13, 25, respectively. Defendants' motion was granted, and they were directed to file a response to the complaint. ECF No. 26.

On June 21, 2022, defendants filed their answer to the complaint. ECF No. 30. Shortly thereafter, on June 29, 2022, a discovery and scheduling order was issued. ECF No. 31.

On July 11, 2022, plaintiff filed a motion to amend the complaint. ECF No. 33. Because the motion was timely filed pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), it was granted. ECF No. 34 at 3-4.

In August 2022, plaintiff filed a First Amended Complaint. ECF No. 40. However, because it named only "T. Meza" as a defendant and not defendants Emerson and Coder (see id. at 2-6), defendants Emerson and Coder moved to have all claims against them withdrawn (ECF No. 44). Shortly thereafter, plaintiff filed an unsolicited second amended complaint ("SAC") (ECF No. 49), which the court struck from the record (ECF No. 51). Plaintiff was then ordered to file another amended complaint. Id. at 5.

In November 2022, plaintiff filed a motion for leave to file a TAC along with a TAC, as

well as two Fourth Amended Complaints.[1]  ECF Nos. 52-54, 56, respectively.  Days later, defendants Emerson and Coder filed a request for the court to screen the Third Amended Complaint, not the Fourth.  ECF No. 55.  Plaintiff filed a motion to object and objections to defendants' motion (ECF Nos. 60, 62), which defendants stated they did not oppose (ECF No. 61).

In December 2022, plaintiff filed a motion for summary judgment.  ECF No. 64.  Defendants filed an opposition, and plaintiff filed a reply.  ECF Nos. 64, 65, 68, respectively.  Thereafter, in January 2023, plaintiff filed a "motion for judgment" which defendants have opposed.  ECF Nos. 66, 67, respectively.

On May 3, 2023, plaintiff filed a motion for leave to submit a motion for summary judgment, a motion for summary judgment, and a request for leave to present the motion with exhibits pursuant to Local Rule 142.  ECF Nos. 72-74, respectively.  Pursuant to Local Rule 230(l), there remains time for defendants to respond to these motions.

II.   STATUTORY SCREENING OF PRISONER COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is

---

[1] The two versions of the Fourth Amended Complaint were docketed on November 10, 2022 (ECF No. 54) and November 14, 2022 (ECF No. 56).  With only minor exceptions, these documents are identical.  The court will consider the Fourth Amended Complaint at ECF No. 54 as the operative complaint, and will disregard ECF No. 56.

whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   DEFENDANTS' MOTION TO STRIKE

The court notes at the outset that defendants have asked the court to strike plaintiff's FAC on the grounds that it was not filed with the court's authorization, in violation of Federal Rule of Civil Procedure 15(a)(2). ECF No. 55 at 1, 3. In the alternative, defendants request that the court

screen the FAC under the PLRA.  ECF No. 55 at 3.

The FAC was docketed one day after the TAC was docketed.  In the interests of judicial economy and in light of the liberality with which pro se pleading should be evaluated, the court will accept the TAC as an intended substitute for the TAC.  Because an amended complaint supersedes its predecessor, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012), the FAC is the operative pleading to be screened.  Defendants' motion to screen the TAC and strike the FAC will be denied.

### IV.   FOURTH AMENDED COMPLAINT

The FAC names Appeals Coordinator T. Meza and Correctional Officers Emerson and Codes as defendants.  ECF No. 54 at 1-2.  All three defendants were employed at Mule Creek State Prison ("MCSP") at the time of the events in question.  Id. at 2.  Plaintiff alleges that defendants violated his First, Eighth and Fourteenth Amendment rights when they retaliated against him, denied him access to the courts, and denied him the right to due process.  Id. at 3-11.  Plaintiff also contends that defendants created circumstances which ultimately led to administrative remedies being unavailable to him.  Id. at 3-5, 8.  He seeks $100,000.00 in "expectation damages" and $200,000.00 in "actual and general damages."  Id. at 6.

### V.   DISCUSSION

#### A.  Failure to State a Claim

Claim One alleges that defendant Meza violated plaintiff's right of access to the courts and his right to due process when he harassed plaintiff.  ECF No. 54 at 3.  Plaintiff asserts that between January 2020 through April 2020, defendant Meza denied him access to the courts.[2]  Id. at 3, 8.  Plaintiff also asserts that defendant Meza delayed his appeal process and prevented him from exhausting his administrative remedies.  Id. at 3, 5, 8.

A person deprives another individual of a constitutional right within the meaning of Section 1983 when he does an act or omits to perform an act that he is legally required to do

---

[2] Plaintiff states that he has documents that will prove this claim and that they are available upon request.  ECF No. 54 at 8.  The appeal documents attached to the complaint which involved defendant Meza do not appear to relate to this claim.  See id. at 12-13 (first level appeal rejections by defendant Meza in January 2020).

1  which causes the deprivation that is at the source of a complaint.  See Johnson v. Duffy, 588 F.2d
2  740, 743 (9th Cir. 1978).  A plaintiff must set forth specific facts with respect to each defendant's
3  role in an alleged constitutional deprivation.  See generally Leer v. Murphy, 844 F.2d 628, 634
4  (9th Cir. 1988).  Vague and conclusory allegations concerning the involvement of official
5  personnel in civil rights violations are not sufficient.  See Pena v. Gardner, 976 F.2d 469, 471 (9th
6  Cir. 1992) (citing Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

7        This claim fails to provide sufficient facts to support any viable cause of action against
8  defendant Meza.  Plaintiff fails to state precisely how defendant Meza harassed him, and he fails
9  to identify any harm that was caused as a result of the alleged harassment.  See ECF No. 54 at 3,
10 7-11.  In addition, plaintiff fails to state how defendant Meza denied him access to the courts.  To
11 the extent that plaintiff has provided first level appeal documents completed by defendant Meza,
12 presumably to support his claim of denial of access to the courts (see id. at 12-13), this right is
13 limited to criminal appeals, habeas petitions and civil rights actions.  See Lewis v. Casey, 518
14 U.S. 343, 354 (1996).  Furthermore, prisoners do not have a constitutional right to specific
15 administrative grievance procedures.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)
16 (stating inmates lack separate constitutional entitlement to specific prison grievance procedure);
17 Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (citation omitted) (stating no legitimate claim
18 of entitlement to grievance procedure).

19       Because Claim One is not sufficiently supported by facts, it fails to state a claim.  The
20 court cannot draw extensive inferences in order to create viable claims for plaintiff.  Ivey, 673
21 F.2d at 268 (stating liberal interpretation of complaint may not supply essential elements of
22 claim).  That is plaintiff's responsibility.  See Hebbe v. Pliler, 627 F.3d 338, 341-42 (9th Cir.
23 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations
24 sufficient to state a plausible claim for relief).  Accordingly, it will be recommended that Claim
25 One be dismissed.

26       B.  Claims For Which a Response Will Be Required
27       In Claims Two and Three, plaintiff alleges that defendants Emerson and Codes violated
28 his First Amendment right to be free from retaliation when they verbally threatened plaintiff in

1  November and December 2019, called him a snitch, and told him, "[W]e will make sure that you
2  die." ECF No. 54 at 4, 5, 9.  Plaintiff provides a declaration of an inmate witness who states that
3  prison officials spoke with defendants Emerson and Codes along with other inmates about how
4  defendants stated that plaintiff needed to be murdered because he "snitches on correctional staff
5  in court." Id. at 11.  Plaintiff alleges that following defendants' threats, in January 2020, he was
6  assaulted by three inmates and suffered a broken jaw.  Id. at 4-5.  He believes that MCSP staff
7  caused the assault.  Id.

8  Although plaintiff's factual allegations are not entirely clear, it appears that at some point
9  plaintiff testified against prison authorities in court.  "The most fundamental of the constitutional
10 protections that prisoners retain are the First Amendment rights to file prison grievances and to
11 pursue civil rights litigation in the courts." Entler v. Gregoire, 872 F.3d 1031, 1039 (9th Cir.
12 2017) (footnotes omitted); Johnson v. Ryan, 55 F.4th 1167, 1201 (9th Cir. 2022) (quoting Entler);
13 Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005).

14 Plaintiff has alleged that in November and December of 2019, Emerson and Codes told
15 him that he "was going to die;" that defendants "would make sure that [plaintiff] die[d];" and that
16 plaintiff "need[ed] to be murdered" because he had "snitch[ed] on staff" and had done so in court
17 ECF No. 54 at 4-5, 9, 11.  The FAC further indicates that some of these statements were made in
18 front of other prisoners.  Id. at 11. Thereafter, in in January 2020, plaintiff was attacked by three
19 inmates, which left him with a broken jaw.  Id. at 4.  Prison officials labeling an inmate a snitch in
20 front of other prisoners because he exercised his constitutional right to pursue civil litigation in
21 the courts clearly supports a First Amendment retaliation claim.  See Rhodes, 408 F.3d at 568
22 (citing to Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989) as example of "the very
23 archetype of a cognizable First Amendment retaliation claim").

24 Furthermore, "[t]he Eighth Amendment imposes a duty on prison officials to protect
25 inmates from violence at the hands of other inmates." Cortez v. Skol, 776 F.3d 1046, 1050 (9th
26 Cir. 2015) (brackets added).  Defendants identifying plaintiff as a snitch in front of other
27 prisoners, thereby subjecting him to harm by them also supports a claim of a violation of
28 plaintiff's Eighth Amendment right to personal safety.  See, e.g., Valandingham, 866 F.2d at 1138

7

(citation omitted) (stating similar facts and suggesting they support violation of right to be protected from violence).

For these reasons, construing the FAC liberally,[3] the undersigned finds that plaintiff has stated cognizable First Amendment retaliation and Eighth Amendment failure to protect claims against defendants Emerson and Codes. It will therefore be recommended that they be ordered to respond to these two claims.

### VI. FURTHER LEAVE TO AMEND IS NOT APPROPRIATE

Plaintiff has been given numerous opportunities over an extended period of time to file a viable complaint. See ECF Nos. 34, 51 (granting motions to amend). In December 2021 the court determined that the original complaint contained viable claims against defendants Emerson and Codes, and plaintiff opted to proceed on those claims only. See ECF No. 9 (screening order), ECF No. 12 (plaintiff's notice on how to proceed). Almost a year and a half later, the case having been delayed by plaintiff's multiple filings and amendments, the only viable claims remain those identified in the original screening order. The additional claim plaintiff attempts to add in the FAC, against defendant Meza, is legal insufficient for reasons that were addressed to a large degree in the first screening order. The undersigned concludes that further amendment of Claim One would be futile, and that the case should now be ordered to proceed on Claims Two and Three only.

### VII. PLAINTIFF'S MISCELLANEOUS MOTIONS

A. Motion for Leave to File Third Amended Complaint (ECF No. 52)

On October 19, 2022, the court struck plaintiff's SAC from the record and ordered plaintiff to file an amended complaint. ECF No. 51. Because plaintiff had been previously given permission by the court to file an amended complaint, plaintiff's subsequently filed request for leave to file third amended complaint (ECF No. 52) is moot, and will be denied as such.

////

---

[3] This court is obligated to liberally construe the pleadings of pro se litigants. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating pro se documents are to be liberally construed); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating pro se pleadings are held to less stringent standard than those drafted by lawyers).

B. <u>Motion to Submit Objections to Defendants' Request for Screening TAC and Motion to Strike FAC (ECF No. 60)</u>

On November 30, 2022, sought leave to file objections to defendants' request that plaintiff's TAC be screened and that plaintiff's FAC be stricken. Because the matter has been resolved in plaintiff's favor, in that his Fourth Amended Complaint has been deemed the operative complaint and screened, this request will be denied as moot.

C. <u>Summary Judgment Related Motions (ECF Nos. 64, 66, 72, 73, 74)</u>

Plaintiff has filed a motion to submit a motion for summary judgment (ECF No. 64); a motion for judgment (ECF No. 66); a second motion for leave to submit a motion for summary judgment (ECF No. 72); a motion for summary judgment and adjudication (ECF No. 73); and a request for leave to present a motion pursuant to Local Rule 143 (ECF No. 74). All are convoluted and difficult to understand. In any event, summary adjudication is premature because defendants have not yet had an opportunity to respond to plaintiff's Fourth Amended Complaint as screened, and the discovery phase of these proceedings has not yet begun. All plaintiff's pending motions will be denied without prejudice as premature. Plaintiff should refrain from filing substantive motions until a Discovery and Scheduling Order issues, and should thereafter file motions only as contemplated by the litigation schedule set forth in such order.

<u>CONCLUSION</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a third amended complaint (ECF No. 52) is DENIED as moot;

2. Defendants' motion to screen the third amended complaint and to strike the fourth amended complaint (ECF No. 55) is DENIED;

3. Plaintiff's motion to submit objections to defendants' request for screening of the third amended complaint and strike of the fourth amended complaint (ECF No. 60) is DENIED as moot;

4. Plaintiff's summary judgment-related motions (ECF Nos. 64, 66, 72, 73, 74) are all DENIED as premature; and

    5. The Clerk of Court shall randomly assign a district judge to this action.

    IT IS FURTHER RECOMMENDED that:

    1. Claim One of the Fourth Amended Complaint, ECF No. 54, be DISMISSED without leave to amend and defendant T. Meza be TERMINATED from this action; and

    2. The action PROCEED solely against defendants Emerson and Codes on Claims Two and Three of the Fourth Amended Complaint, ECF No. 54, as screened above (First Amendment retaliation and Eighth Amendment failure to protect).

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 12, 2023

                                        ALLISON CLAIRE
                                        UNITED STATES MAGISTRATE JUDGE