UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER NATHANIEL WASHINGTON,<br><br>                Plaintiff,<br><br>       v.<br><br>RALPH DIAZ, et al.,<br><br>                Defendants. | No.  2:20-cv-2261 KJM AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, has filed a motion for an extension of time to file a reply in support of his motion to compel and a motion for a temporary restraining order or preliminary injunction.  ECF Nos. 120, 121.

Although plaintiff has already filed objections to defendants' opposition to his motions to compel (ECF No. 119), plaintiff now seeks a thirty-to-sixty-day extension of time to file a "proper reply" (ECF No. 120 at 1).  He asserts that he has been in administrative segregation and separated from his property since February 16, 2024, and therefore unable to properly reply. Good cause appearing, the request will be granted and plaintiff will be afforded an additional thirty days to file a reply in support of his motions to compel.

Plaintiff also seeks a temporary restraining order or preliminary injunction against six inmates who he claims are threatening him, which is affecting his ability to litigate this case

because he is in administrative segregation pending investigation into his safety concerns.  ECF No. 121.

"A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).  The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Plaintiff has failed to show that he will suffer from irreparable harm in the absence of injunctive relief because he has alleged that after reporting his safety concerns he was placed in administrative segregation while his concerns were investigated.  To the extent plaintiff claims that placement is negatively affecting his ability to litigate this case, he has not identified any irreparable injury or shown that any concerns regarding his ability to meet deadlines cannot be addressed through extension of time.  Additionally, a district court has no authority to grant relief in the form of a preliminary injunction where it has no jurisdiction over the parties.  Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." (alteration in original) (citation and internal quotation omitted)).  Plaintiff seeks relief based on the conduct of non-defendant prisoners whom he claims are threatening him.  The court does not have jurisdiction over those individuals unless plaintiff provides facts showing that they are acting "in active concert or participation" with the defendants.  Fed. R. Civ. P. 65(d)(2); Zenith Radio Corp. v. Hazeltine Rsch., Inc., 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot be held in contempt until shown to be in concert or participation.")).  Plaintiff has failed to provide any such facts.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for an extension of time (ECF No. 120) is GRANTED and plaintiff shall have thirty days from the service of this order to

file a reply in support of his motions to compel.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a temporary restraining order or preliminary injunction (ECF No. 121) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 11, 2024

_(signature)_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE