UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER NATHANIEL WASHINGTON,<br><br>        Plaintiff,<br><br>   v.<br><br>RALPH DIAZ, et al.,<br><br>        Defendants. | No.  2:20-cv-2261 KJM AC P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court are plaintiff's motions to compel (ECF Nos. 116, 117, 124) and motion for an extension of time to respond to defendants' motion for summary judgment (ECF No. 130).

    I.      Procedural Background

By order filed October 10, 2023, the undersigned set a schedule for discovery in this case which provided that written requests for discovery were to be served by December 4, 2023, and motions to compel were to be filed by February 2, 2024.  ECF No. 98 at 6.  Plaintiff then proceeded to file various motions for discovery along with requests for production and accompanying definitions and instructions.  ECF Nos. 104-106, 108, 110.  Plaintiff's motions for discovery were denied because the deadline for serving written discovery requests had not yet passed and he therefore did not require leave of the court to serve his requests.  ECF No. 111.

1

1  Additionally, the requests were stricken from the record and plaintiff was advised that he was
2  required to serve his discovery request on defendants' counsel rather than file them with the
3  court. Id.

4        On January 21, 2024,[1] plaintiff filed two motions to compel.  ECF Nos. 116, 118.
5  Defendants opposed the motions (ECF No. 118) and plaintiff filed a reply (ECF No. 119).
6  Plaintiff then requested additional time to file a "proper reply" (ECF No. 120) and the request was
7  granted (ECF No. 122).  After plaintiff filed a supplemental reply in support of his motions to
8  compel (ECF No. 123) he filed another document on March 31, 2024, that appears to be either
9  another supplemental reply or a separate motion to compel (ECF No. 124).

10      II.    <u>Motions to Compel</u>

11        Plaintiff's motions seek to compel responses to requests for production.  ECF Nos. 116,
12  117.  Defendants oppose the motions on the grounds that the first motion seeks responses to
13  untimely request that were not served, and the second did not identify the requests or responses at
14  issue.  ECF No. 118.  In reply, plaintiff argues that the scheduling order provided a February 2,
15  2024 deadline for discovery and an April 26, 2024 deadline for motions to compel.  ECF No. 119
16  at 3.  He also appears to argue that his discovery requests were proper, but represents that
17  defendants have refused to produce any documents, and that he had a phone call with defense
18  counsel on December 28, 2023, in which counsel assured plaintiff that he had received all of
19  plaintiff's discovery motions.  ECF Nos. 123, 124.

20        In all of his motions and subsequent briefing, plaintiff fails to identify any specific
21  requests to which he seeks to compel further responses.  While plaintiff attaches a copy of
22  requests for production to his first motion, he does not identify which of the requests are at issue
23  or provide a copy of defendants' responses or objections to the requests, and the requests are
24  dated January 21, 2024, the same date as the motion itself.  ECF No. 116.  In the second motion,
25  plaintiff appears to challenge defendants' objections to his requests as overbroad, but he does not

---

[1] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule where timeliness may be at issue. <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

identify the specific requests or responses at issue. ECF No. 117.

> The Court does not hold prisoners proceeding pro se to the same standards that it holds attorneys. However, at a minimum, as the moving party plaintiff bears the burden of informing the court of which discovery requests are the subject of his motion to compel and, for each disputed response, why defendant's objection is not justified.

Waterbury v. Scribner, No. 1:05-cv-0764 OWW DLB PC, 2008 WL 2018432, at *1, 2008 U.S. Dist. LEXIS 53142, at *3 (E.D. Cal. May 8, 2008). Without the original requests, defendants' responses (including any objections), and plaintiff's explanation as to why the responses are deficient, the court is unable to determine whether production should be compelled. Furthermore, with respect to plaintiff's first motion, it appears that the requests were not timely. The requests indicate that they were served on January 21, 2024, approximately a month and a half after the deadline for serving written requests for discovery. Although plaintiff appears to argue that he had until February 2, 2024, to serve discovery and April 26, 2024, to file motions to compel, he is mistaken. The scheduling order clearly set a deadline of December 4, 2023 for serving written requests for discovery while February 2, 2024, was the deadline for conducting discovery generally, including the filing of motions to compel.[2] ECF No. 98 at 6. Plaintiff correctly cited both of these deadlines in his initial motions (ECF No. 116 at 1; ECF No. 117 at 3), demonstrating his understanding of the deadlines.

To the extent plaintiff's March 31, 2024 motion to compel (ECF No. 124) is intended as a separate motion to compel rather than merely a supplemental reply, it is untimely and also fails to identify any specific requests at issue.

Because plaintiff has failed to identify any grounds for compelling further responses, the motions to compel will be denied.

III.     Motion for Extension

Plaintiff has filed a motion for an extension of time to respond to defendants' motion for summary judgment on the ground that (1) he requires additional time to obtain documents related

---

[2] April 26, 2024, was the deadline for filing dispositive motions. ECF No. 98 at 6.

3

to the identification of a witness and (2) the motion was filed prior to a ruling on his motions to compel. ECF No. 130. Approximately one week after requesting an extension, he filed an opposition to the motion for summary judgment which indicates that it was served on May 15, 2024, making it timely without an extension. ECF No. 131. Because no further production was ordered, and the opposition is timely and indicates that plaintiff was able to obtain the information he needed to correct the name and CDCR number of his witness, the motion for extension will be denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to compel (ECF Nos. 116, 117, 124) are DENIED; and
2. Plaintiff's motion for an extension of time (ECF No. 130) is DENIED as moot.

DATE: May 31, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE