1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER NATHANIEL              No.  2:20-cv-2261 KJM AC P
     WASHINGTON,
12
                  Plaintiff,
13                                       ORDER
           v.
14
     RALPH DIAZ, et al.,
15
                  Defendants.
16

17        Christopher Nathaniel Washington, a state prisoner proceeding pro se, filed this civil

18   rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States

19   Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20        On March 10, 2025, the magistrate judge filed findings and recommendations, which were

21   served on all parties and which contained notice to all parties that any objections to the findings

22   and recommendations were to be filed within fourteen days.  ECF No. 142.  Washington filed

23   objections to the findings and recommendations.  ECF No. 144.

24        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

25   court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the

26   findings and recommendations to be supported by the record and by proper analysis with respect

27   to Washington's motion for reconsideration, ECF No. 137, and Washington's motion for leave to

28   file a motion for summary judgment, ECF No. 140.  The court also accepts the findings and

                                          1

1    recommendations that defendant's motion for summary judgment, ECF No. 126, should be

2    denied as to Washington's First Amendment claim that defendants retaliated against him by

3    threatening and harassing him for two months after he settled a lawsuit against other officers, *see*

4    F&Rs at 9–10.

5           However, the court declines to accept the findings and recommendations that defendant's

6    motion for summary judgment, ECF No. 126, should be granted as to Washington's First and

7    Eighth Amendment claims based on the allegation that defendants told other inmates'

8    Washington was a "snitch on staff," *see* F&Rs at 10–11.

9           It has been clearly established in this Circuit since at least 1989 that by spreading a rumor

10   a prisoner is a "snitch," prison staff violate the Eighth Amendment, given that they fail to protect

11   the prisoner against violence by other inmates.  *See Valandingham v. Bojorquez*, 866 F.2d 1135,

12   1137–38 (9th Cir. 1989).  It also is clearly established that when prison staff conspire to label a

13   prisoner a snitch in retaliation for the prisoner's speech, they violate the First Amendment.  *See*

14   *id.* at 1138.  District courts in both this Circuit and in others have found prisoner-plaintiffs' First

15   and Eighth Amendment claims to be plausible when they allege prison staff spread rumors to

16   other prisoners the prisoner-plaintiff had snitched on prison staff.  *See Mitchell v. Baeza*, No. 20-

17   0857, 2024 WL 2021861, at *4–5, 17 (E.D. Cal. Jan. 18, 2024) (finding plaintiff's allegations that

18   staff spread rumors to prisoners he was a snitch after he filed a grievance against staff members to

19   be plausible for both a First Amendment retaliation claim and an Eighth Amendment failure to

20   protect claim); *Quinn v. Singh*, No. 11-1085, 2012 WL 3868014, at *2, 7 (S.D. Cal. July 27,

21   2012) (same); *cf. Walton v. Harkleroad*, No. 13-1109, 2016 WL 11480713, at *2–3, 13 (W.D. Pa.

22   Mar. 3, 2016) (finding a dispute of material fact over whether prison guard endangered plaintiff in

23   violation of the Eighth Amendment by spreading rumors plaintiff had snitched on staff).

24          In their motion for summary judgment, defendants argue "no reasonable officer could

25   conclude that Washington could be placed in danger if inmates knew he 'snitches on staff.'"

26   Mem. at 11, ECF No. 126-1.  Defendants also argue Washington was in a unit comprised of

27   inmates "who [had] left prison gangs and provided information regarding them to law

28   enforcement."  *Id.* at 12.  In other words, being labelled a snitch could not put Washington in

danger because he was housed in a unit filled with snitches.  While these arguments may prove convincing to a jury, they are untenable to support summary judgment, as they rely on inferences favorable to the defendants and not to the plaintiff.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986) (holding a court must find all inferences in favor of the non-moving party at summary judgment).  Further, defendants cannot cite caselaw that would allow the court to grant them summary judgment on this record.  Indeed, the only case defendants cite, *Mitchell v. Baeza*, found plaintiff's Eighth and First Amendment claims to be plausible because the plaintiff alleged prison staff spread rumors plaintiff had snitched on the staff.  *See* 2024 WL 2021861, at *4–5, 17.  Similarly, in *Valandingham*, plaintiff alleged staff spread rumors he had snitched on the staff—specifically the supervisor of the prison law library.  *See Valandingham*, 866 F.2d at 1138.

The evidence submitted by Washington to defeat defendants' motion for summary judgment, further, is not meaningfully different than the evidence the plaintiff submitted in *Valandingham* to defeat summary judgment.  *See id.* at 1138–39.  There, the plaintiff alleged defendants called him a snitch.  *See id.*  The plaintiff also submitted an affidavit by an eyewitness who testified defendants had called plaintiff a snitch to other inmates.  *See id*. at 1139.  Here, Washington has alleged defendants called him a snitch.  *See* Fourth Am. Compl. at 4–5, 9, ECF No. 54.  Washington has also provided a declaration from another inmate, Brittney Gipson, who witnessed defendants stating Washington "needs to be murdered he snitches on correction staff in court!"  *Id.* at 11.  As in *Valandingham*, Washington's proffered evidence is enough to create a dispute of material fact as to whether defendants violated his First and Eighth Amendment rights by spreading rumors Washington was a snitch on staff.  *See Valandingham*, 866 F.2d at 1138.

As Washington points out in his objections to the findings and recommendations, the defendants should have known calling him a "snitch" "could have caused harm."  ECF No. 144 at 2.  Calling someone a snitch on staff may imply they are a snitch on others as well.  Such a statement might also imply defendants were seeking some type of quid pro quo: that hurting

/////

/////

3

Washington might earn a reward because the staff was angry with him.  Or it might imply to the listener that defendants were not going to protect Washington should a prisoner desire to harm him for some other reason.  A reasonable jury could thus find the staff spread rumors Washington was a snitch on staff, that spreading the rumors Washington was a snitch on staff put Washington's safety at risk, and that the rumors chilled his First Amendment rights to complain about staff conduct through legal channels.  Taking all inferences in the light most favorable to Washington, as the court must do at this stage of the litigation, *see Matsushita Elec. Indus. Co.*, 475 U.S. at 587–88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970), the court finds a dispute of material fact exists as to whether spreading rumors Washington was a "snitch on staff" put Washington at risk such that his First and Eighth Amendment rights were violated.

Accordingly, the court denies defendants' motion for summary judgment on Washington's First Amendment retaliation claim on the theory defendants chilled Washington's speech by spreading rumors he was a snitch on staff and on Washington's Eighth Amendment claim defendants failed to protect Washington by spreading rumors he was a snitch on staff.  As it has been clearly established in this Circuit since 1989 that spreading rumors a prisoner is a snitch can violate the prisoner's First and Eighth Amendment rights, *see Valandingham*, 866 F.2d at 1138, the court also declines to grant defendants qualified immunity at this stage of the litigation. Defendants may renew their motion for qualified immunity at trial.

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations (ECF No. 142) **are adopted in part**.

2.  Plaintiff's motion for reconsideration of the order denying his motion for a preliminary injunction (ECF No. 137) is **denied**.

3.  Plaintiff's motion for leave to file a motion for summary judgment and motion for summary judgment (ECF. 140) is **denied**.

4.  Defendants' motion for summary judgment (ECF No. 126) is **denied**.

5.  This matter is referred back to the assigned magistrate judge for all further pretrial proceedings.

/////

1    This resolves ECF No. 142.

2    IT IS SO ORDERED.

3  DATED:  May 27, 2025.

4

5                                          SENIOR UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28