UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER NATHANIEL WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RALPH DIAZ, et al.,<br><br>　　　　Defendants. | No. 2:20-cv-2261 KJM AC P<br><br><br>ORDER SETTING SETTLEMENT CONFERENCE |

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. §1983. The court has determined that this case will benefit from a settlement conference. Therefore, this case will be referred to Magistrate Judge Sean C. Riordan to conduct a settlement conference at the California State Prison, Sacramento (SAC), 100 Prison Road, Represa, CA 95671 on July 28, 2025, at 9:00 a.m. The Court will issue any necessary transportation order in due course.

    In accordance with the above, IT IS HEREBY ORDERED that:

    1. This case is set for a settlement conference before Magistrate Judge Sean C. Riordan on July 28, 2025 at 9:00 a.m. at SAC.[1]

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the (continued...)

1

2.  Parties are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.[2]

3.  Parties are directed to submit confidential settlement **statements no later than July 14, 2025** to SCRorders@caed.uscourts.gov.

   a.  Plaintiff shall mail his confidential settlement statement to U.S. District Court, 501 I Street, Suite 4-200, Sacramento, California 95814 "**Attn: Magistrate Judge Sean C. Riordan**" so it arrives no later than July 14, 2025. The envelope shall be marked "CONFIDENTIAL SETTLEMENT STATEMENT."

   b.  Parties are also directed to file a "Notice of Submission of Confidential Settlement Statement" (See L.R. 270(d)).

   c.  Parties are encouraged to share their settlement conference statement with the opposing party, but are also invited to submit a confidential statement to Judge Riordan. **Settlement statements should not be filed with the Clerk of the Court nor served on any**

---

authority to order parties, including the federal government, to participate in mandatory settlement conferences . . . ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s].").

[2] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993); see also E.D. Local Rule 270(f)(1)("counsel shall be accompanied in person-by a person capable of disposition, or shall be fully authorized to settle the matter at the settlement conference on any terms"). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

**other party**.

      d.  Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

    4.  **The confidential settlement statement shall be no longer than five pages** in length, typed or neatly printed, and **include the following**:

      a.  A brief statement of the facts, legal claims, relief sought, and defenses.

      b.  A summary of court proceedings to date and upcoming court proceedings, including summary judgment deadlines and whether there is a scheduled trial date.

      c.  Discovery status.

      d.  An estimate of the cost and time needed to complete fact and expert discovery, pretrial preparation, and trial.

      e.  Any settlement discussions (informal or formal) that have already occurred.

      f.  Any related cases or other cases involving the same or similar parties.

      g.  Any impediments to settlement.

      h.  Any other information the party thinks would help facilitate settlement.

    5.  Multi-page exhibits must be internally paginated, with the pagination for each exhibit beginning at one (1) (for example, Exh. A-1, Exh. A-2, etc.).

    6.  The Clerk of the Court is directed to serve a copy of this order on the Litigation Office at SAC via fax at (916) 294-3072 or via email.

DATED: June 3, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE